IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAJUAN SMITH-CLACK
1328 N. Allison Street
Philadelphia, PA 19131

        Plaintiff,

v.

XTL-PA, INC.
3200 S. 70th Street
Philadelphia, PA 19153

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

Plaintiff DaJuan Smith-Clack ("Plaintiff"), by and through his undersigned counsel, brings this Complaint against XTL-Pa, Inc. ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this Complaint contending that Defendant failed to pay compensation and overtime compensation pursuant to the requirement of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2. Plaintiff is a former employee of Defendant where he worked as a Supervisor. During the course of his employment, Plaintiff was misclassified as an exempt employee and also regularly worked more than forty (40) hours per week, but was not properly compensated for his work and/or was not paid overtime compensation as required by the FLSA/PMWA.

3. As a result of Defendant's improper and willful misclassification and failure to pay Plaintiff in accordance with the requirement of the FLSA/PMWA, Plaintiff has suffered damages.

4. Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful and improper conduct.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction. See 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims. See 28 U.S.C. § 1367(a).

7. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## PARTIES

8. Plaintiff DaJuan Smith-Clack is a citizen of Pennsylvania and the United States with a current address at 1328 N. Allison Street, Philadelphia, PA 19131.

9. Defendant XTL-Pa, Inc. is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State at 3200 S. 70th Street, Philadelphia, PA 19153.

## FACTUAL BACKGROUND

10. Paragraphs 1 through 9 are hereby incorporated by reference as though fully set forth at length herein.

11. On or about September 19, 2016, Defendant hired Plaintiff into the position of Supervisor.

12. During his employment with Defendant, Plaintiff performed his job well, receiving no discipline and occasional praise for his work.

13. At the outset of his employment, Plaintiff routinely worked over forty (40) hours per week. Specifically, Plaintiff routinely worked approximately sixty (60) to eighty-five (85) hours per week.

14. However, Plaintiff was compensated eight hundred dollars ($800.00) per week, regardless of the actual hours Plaintiff worked.

15. From September 19, 2016 to December 5, 2018, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

16. By way of example, during the week of October 10, 2018, Plaintiff worked eighty-five (85) hours, but did not receive any overtime compensation for the approximately forty-five (45) hours of overtime he worked that workweek.

17. Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

18. At all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read it.

19. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

20. In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

21. Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA. Plaintiff does not meet the duties of the executive exemption. Plaintiff did not have the authority to hire and/or fire other employees employed by Defendant, nor did Plaintiff customarily and regularly direct the work of two (2) or more full-time employees of Defendant. In addition, Plaintiff's primary job duties involved ensuring workplace safety, maintaining a healthy working environment for employees, and confirming positions were filled and accounted for at the beginning of shifts.

22. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

23. Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA. Plaintiff's primary duties did not include the performance of office and/or non-manual work directly related to the management or general business operations of Defendant. Additionally, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff primarily performed work involving employee workflow set within specific guidelines by Defendant. Plaintiff did not have the authority to go beyond the guidelines set by Defendant with respect to his job duties.

24. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

25. Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a work week.

26. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

27. Paragraphs 1 through 26 are hereby incorporated be reference as though the same were fully set forth at length herein.

28. Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

29. Moreover, Section 207(a) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

30. According to the policies and practices of Defendant, Plaintiff has worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

31. The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

32. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

33. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for the work performed in excess of forty (40) hours per week;

C. Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Awarding pre- and post-judgment interest and court costs as further allowed by law;

G. All additional general and equitable relief Plaintiff may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333.101, *et seq.*
## **FAILURE TO PAY OVERTIME COMPENSATION**

34. Paragraphs 1 through 33 are hereby incorporated by reference as though the same were fully set forth at length herein.

35. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.104.

36. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week. See 43 P.S. § 333.104.

37. By its actions alleged above, Defendant violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

38. As a result of Defendant's unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for the following relief:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the PMWA; and

C. An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: 10/14/19

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.